UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRY JOE ORMOND, | |
| Petitioner, | 2:09-cv-2056-JCM-PAL |
| vs. | **ORDER** |
| BRIAN E. WILLIAMS, *et al.*, | |
| Respondents. | |

Terry Joe Ormond, a Nevada prisoner, has filed a petition for writ of habeas corpus (attached at docket #1), pursuant to 28 U.S.C. § 2254. Respondents move to dismiss the petition (docket #4) and petitioner has opposed the motion (docket #7).

I.   **Procedural Background**

Petitioner plead guilty and was convicted on a charge of voluntary manslaughter with the use of a deadly weapon. Petitioner was sentenced to two consecutive four to ten year terms on February 11, 2003. Exhibit A.[1] On December 30, 2008, petitioner filed a post-conviction petition for writ of habeas corpus challenging the Nevada Department of Corrections's (NDOC) computation of the time he had served. Exhibits B and C. The petition did not allege any federal constitutional violations. The petition was denied by the state district court and the Nevada Supreme Court affirmed the denial on July 7m 2009. Exhibits D and E.

---

[1] The exhibits referenced in this order were submitted by respondents in support of their motion to dismiss and are found in the court's docket at #5.

Petitioner submitted his petition for filing with this court on October 23, 2009.

**II.    Discussion**

The petition (docket #8) alleges petitioner's due process rights guaranteed by the Fourteenth Amendment were violated. He contends that "the state court have not reasonably reviewed or applied the Nevada Revised Statutes under N.R.S. 209.449...."

> Credits for completion of vocational education and training or other program.
>
>    1. An offender who has no serious infraction of the regulations of the Department, the terms and conditions of his or her residential confinement, or the laws of the State recorded against the offender must be allowed, in addition to the credits provided pursuant to NRS 209.433, 209.443, 209.446 or 209.4465, a deduction of 60 days from the maximum term of the offender's sentence for the successful completion of:
>
>       (a) A program of vocational education and training; or
>
>       (b) Any other program approved by the Director.
>
>    2. If the offender completes such a program with meritorious or exceptional achievement, the Director may allow not more than 60 days of credit in addition to the 60 days allowed for completion of the program.

NRS 209.449.

Petitioner further contends that he has completed two approved correctional programs and two department approved substance abuse treatment programs, but has not received credit against his maximum sentenced for their successful completion.

Respondents move to dismiss the petition, arguing that the claim presents no federal constitutional issue upon which this court can afford relief. Respondents argue that petitioner is actually challenging the interpretation and application of state law.

The role of this court on federal collateral review of a state criminal conviction is limited to determining whether the petitioner's federal constitutional or other federal rights have been violated and does not extend to review a state's application of its own laws. *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990). Federal courts must defer to the state courts' interpretation of

2

state sentencing laws. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993). Absent a showing of fundamental unfairness, a state court's application or misapplication of its own sentencing laws does not generally justify federal habeas relief. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

However, an inmate has a due process liberty interest in "good time credits" where state law creates such an interest. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 8-11 (1970). In this instance, the statute cited above creates such a liberty interest by providing specifically that the credits "must be allowed" under particular circumstances. Because petitioner contends that he earned good time credits under circumstances in conformity with the statute, he is entitled under the statute and under the United States Constitution's Fourteenth Amendment to receive those credits absent sufficient process giving him notice of the reason for denying the credits and an opportunity to respond . *Wolf v. McDonnell,* 418 U.S. 539 (1974). Respondents' motion to dismiss will be denied as petitioner has stated a federally cognizable claim.

**IT IS THEREFORE ORDERED** that the motion to dismiss (docket #4) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents shall have thirty (30) days from the date of this order to file their answer to the claim raised. Thereafter, petitioner shall have thirty (30) days to file his reply.

Dated, this 7 day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE