UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRY JOE ORMOND,            )
                             )
        Petitioner,          )    2:09-cv-2056-JCM-PAL
                             )
vs.                          )    **ORDER**
                             )
BRIAN E. WILLIAMS, *et al.*, )
                             )
        Respondents.         )
_____/

Terry Joe Ormond, a Nevada prisoner, has filed a petition for writ of habeas corpus (attached at docket #1), pursuant to 28 U.S.C. § 2254, attacking the calculations of his good time credits.

I.      **Procedural Background**

Petitioner plead guilty and was convicted on a charge of voluntary manslaughter with the use of a deadly weapon. Petitioner was sentenced to two consecutive four to ten year terms on February 11, 2003. Exhibit A.[1] On December 30, 2008, petitioner filed a post-conviction petition for writ of habeas corpus challenging the Nevada Department of Corrections's (NDOC) computation of the time he had served. Exhibits B and C. The petition did not allege any federal constitutional violations. The petition was denied by the state district court and the Nevada Supreme Court affirmed the denial on July 7, 2009. Exhibits D and E.

---

[1] The exhibits referenced in this order were submitted by respondents in support of their motion to dismiss and are found in the court's docket at #5.

Petitioner submitted his petition for filing with this court on October 23, 2009. After determining that the motion to dismiss should be denied, an answer on the merits and a reply were filed. Then petitioner was released from prison, having expired his term. The court directed the parties to file points and authorities regarding the effect the petitioner's release from prison had upon the petition and its continuing viability. Petitioner has responded to the order by reiterating his position as stated in the petition while admitting that he has been released and is not subject to parole. He expresses a desire to pursue the matter further (ECF No. 16).

As the petition attacks the calculation and application of good time credits rather than the fact of his conviction and or sentence, the court concludes that the determination of the merits of his claims will have no effect on collateral consequences, if any, derived from the criminal conviction, as petitioner admits that he is not on parole or under other similar restrictions. *See Jones v. Cunningham,* 371 U.S. 236 (1963). Because the court cannot offer petitioner any relief by way of this habeas action under the facts of this case, the petition shall be denied as moot and the action closed. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (An appeal is moot when, by virtue of intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant."

**IT IS THEREFORE ORDERED** that the petition is **DENIED AS MOOT.** No certificate of appealability shall issue. The clerk shall enter judgment accordingly.

Dated, this  3   day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE